IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DELBERT L. DUNMIRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-0787-CV-W-ODS |
| | ) | |
| ELLIOTT HOLDINGS, INC., d/b/a | ) | |
| HATFIELD PROCESS SERVICE, and | ) | |
| HERRICK, FEINSTEIN LLP, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff filed this suit in August 2006 in the Circuit Court of Cass County, Missouri, and Defendants timely removed the action to federal court. On September 25, 2006, the Court issued an Order to Show Cause, directing Defendants to show cause why the case should not be remanded for lack of jurisdiction. The next day, Plaintiff filed his Motion to Remand for Lack of Jurisdiction. The matter has been fully briefed. The Court concludes subject matter jurisdiction is lacking, so the motion (Doc. # 6) is granted and the case is remanded to the Cass County Circuit Court.

The Petition filed in state court advances four causes of action counts: negligence, negligence per se, civil conspiracy and prima facie tort. A fifth count asserts Plaintiff's claim for punitive damages. Diversity of citizenship is lacking, so this Court has jurisdiction only if Plaintiff's claims "aris[es] under" federal law. 28 U.S.C. § 1331. The negligence per se claim is premised on alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA contains a private right of action, but Plaintiff has not asserted a claim under that Act; instead, he has incorporated the standards for lawful conduct into state causes of action. Nonetheless, Defendants insist that the presence of a private right of action under the FDCPA is sufficient to deem Plaintiff's claim to have arisen under federal law.

Cases addressing whether a claim arises under federal law within the statute's meaning have not always appeared consistent, but a clear rule of law was established in 1986 when the Supreme Court decided Merrell Dow Pharmaceuticals, Inc. v. Thompson.  In that case, the plaintiffs brought a series of state-law claims against a pharmaceutical company.  One of the counts asserted a claim for negligence per se, and alleged the defendant's failure to follow the Food, Drug and Cosmetic Act ("FDCA") constituted a rebuttable presumption of negligence.  Generally speaking, a cause of action arises under the law that creates it; however, this is a rule of inclusion, not exclusion.  In other words, a claim created by federal law arises under federal law, and a claim created by state law arises under state law, but it is possible for a claim created by state law to also arise under federal law.  478 U.S. 804, 808-09 & n.5 (1986).  In addressing whether federal jurisdiction exists when there is a federal ingredient to a state cause of action, the Court relied heavily on the FDCA's lack of a private cause of action.  Id. at 810-12.  Significantly, the Court did not hold the presence or lack of a private cause of action was the sole determinant of whether federal jurisdiction existed.  Instead, it was a factor demonstrating the unsuitability of recognizing federal jurisdiction in that case.  For instance, in rejecting the defendant's reliance on a prior case that seemed to suggest federal jurisdiction exists so long as a disputed issue of federal law is at issue, the Thompson Court said

> *Franchise Tax Board* [*v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983)] however, did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. Indeed, in determining that federal-question jurisdiction was not appropriate in the case before us, we stressed Justice Cardozo's emphasis on principled, pragmatic distinctions:  "What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of causation . . . a selective process which picks the substantial causes out of the web [478 U.S. 814] and lays the other ones aside."
> Far from creating some kind of automatic test, Franchise Tax Board thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction.

2

> Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system. This conclusion is fully consistent with the very sentence relied on so heavily by petitioner. We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction.

478 U.S. at 813-14. In other words, the absence of a private right of action will likely signal that the federal issue is insufficiently substantial to justify federal jurisdiction, but the presence of a private right of action does not automatically mean the state claim containing a federal "ingredient" is sufficiently substantial.

The Supreme Court's decision in Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg. further substantiates the point. In that case, Grable's property was seized by the IRS to satisfy its tax delinquency, and the property was sold to Darue. Grable filed a quiet title action in Michigan state court, alleging Darue's title was invalid because the IRS failed to satisfactorily provide notice as required by statute. The IRS provided notice by certified mail, and the sufficiency of this method was at issue in the case.

The cause of action arose under state law, and there was no private right of action allowing Grable to challenge the IRS's actions after the fact. Nonetheless, the claim was deemed to arise under federal law. The Supreme Court explained:

> the [disputed] federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331. . . . Because arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.

3

> These considerations have kept us from stating a "single, precise, all-embracing" test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties. We have not kept them out simply because they appeared in state raiment, as Justice Holmes would have done, but neither have we treated "federal issue" as a password opening federal courts to any state action embracing a point of federal law. Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

125 S. Ct. 2363, 2367-68 (2005). Elsewhere, the Court expressly rejected the contention (which is now advanced by Defendants) that the absence or presence of a federal cause of action is the sole determinant of whether federal jurisdiction exists. Id. at 2369-70.

In this case, Congress created a private right of action for violations of the FDCPA, but also specifically decreed that state claims (including common law claims) were not supplanted, even if state law provided greater protection than the FDCPA. 15 U.S.C. § 1692n. Thus, Congress was supplementing, not replacing, state law, and indicated no preference for a consumer's option to pursue rights under either law. This ambivalence suggests the disputed federal issues are insufficiently significant to suggest a clear interest or preference for a federal forum, and further suggests Congress did not intend the FDCPA to be a vehicle for bringing state causes of action into federal court. Finally, the category of state claims – even those with ingredients of federal law – that arise under federal law is a "special and small category," Empire Healthchoice Assurance, Inc. v. McVeigh, 126 S. Ct. 2121, 2136 (2006), and the situation in this case would violate this precept.

The Court concludes it lacks subject matter jurisdiction in this case. The Motion to Remand is granted and the case is remanded to the Cass County Circuit Court.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 22, 2006           UNITED STATES DISTRICT COURT